NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REGINALD ROBERTSON, | ) | No. C 11-01437 JF (PR) |
| Plaintiff, | ) | ORDER OF SERVICE; DIRECTING |
| | ) | DEFENDANT TO FILE DISPOSITIVE |
| vs. | ) | MOTION OR NOTICE REGARDING |
| | ) | SUCH MOTION; INSTRUCTIONS TO |
| | ) | CLERK |
| N. BONSTEEL, et al., | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff, a prisoner currently incarcerated at the Santa Rita Jail in Dublin,

California, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983

against jail officials.  Plaintiff's motions for leave to proceed in forma pauperis, (Docket

Nos. 2 & 5), will be granted in a separate order.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.11\01437Robertson_svc.wpd                 1

1    any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

2    claim upon which relief may be granted or seek monetary relief from a defendant who is

3    immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be

4    liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

5    1988).

6         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

7    elements: (1) that a right secured by the Constitution or laws of the United States was

8    violated, and (2) that the alleged violation was committed by a person acting under the

9    color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

10   **B.    Plaintiff's Claims**

11        According to the complaint, Plaintiff alleges that while he was detained at the

12   Glenn Dyer Detention Facility in Oakland, California, Defendant Deputy N. Bonsteel

13   "refused to accept and/or process" his outgoing legal mail.  (Compl. at 3.)  Plaintiff

14   claims that all Bonsteel was required to do was perform a "visual inspection[] for

15   contraband" and place his badge number on the envelope, but that he "simply refused."

16   (Id.)  Plaintiff claims this denial violated his rights under the U.S. Constitution. (Id.)

17   Liberally construed, Plaintiff's claim is cognizable as violating his First Amendment right

18   to send and receive mail.  See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).

19

20                              **CONCLUSION**

21        For the reasons stated above, the Court orders as follows:

22        1.    The Clerk of the Court shall issue summons and the United States Marshal

23   shall serve, without prepayment of fees, a copy of the complaint in this matter, all

24   attachments thereto, and a copy of this order upon **Defendant Deputy N. Bonsteel** at the

25   **Alameda County Sheriff's Office** (Internal Affairs Section, 1401 Lakeside Drive, 7th

26   Floor, Oakland, California, 94612).

27        Defendant "Alameda County Sheriff Office" is DISMISSED as a party in this

28   action as Plaintiff makes no allegations against this defendant.  The Clerk shall terminate

1  this defendant from this action.

2      2.      No later than **sixty (60) days** from the date of this order, Defendants shall

3  file a motion for summary judgment or other dispositive motion with respect to the claims

4  in the complaint found to be cognizable above, or, within such time, notify the Court that

5  Defendants are of the opinion that this case cannot be resolved by such a motion.

6          a.      If Defendants elect to file a motion to dismiss on the grounds that

7  Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.

8  § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to

9  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert.</u> denied <u>Alameida v.</u>

10  <u>Terhune</u>, 540 U.S. 810 (2003).

11          b.      Any motion for summary judgment shall be supported by adequate

12  factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

13  Civil Procedure. **Defendants are advised that summary judgment cannot be granted,**

14  **nor qualified immunity found, if material facts are in dispute. If Defendants are of**

15  **the opinion that this case cannot be resolved by summary judgment, they shall so**

16  **inform the Court prior to the date the summary judgment motion is due.**

17      3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court

18  and served on Defendants no later than **thirty (30) days** from the date Defendant's

19  motion is filed.

20          a.      In the event Defendants file an unenumerated motion to dismiss

21  under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

22          The Defendants have made a motion to dismiss pursuant to Rule
        12(b) of the Federal Rules of Civil Procedure, on the ground you have not
23      exhausted your administrative remedies. The motion will, if granted, result
        in the dismissal of your case. When a party you are suing makes a motion
24      to dismiss for failure to exhaust, and that motion is properly supported by
        declarations (or other sworn testimony) and/or documents, you may not
25      simply rely on what your complaint says. Instead, you must set out specific

26

27      [1] The following notice is adapted from the summary judgment notice to be given to pro
        se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).
28      See <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

1
2
3

facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

4

        b.     In the event Defendants file a motion for summary judgment, the

5

Ninth Circuit has held that the following notice should be given to Plaintiff:

6
7

The defendants have made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

8
9
10
11
12
13
14
15
16

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

17

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

18

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and

19

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment

20

must come forward with evidence showing triable issues of material fact on every

21

essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to

22

Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to

23

the granting of the motion, and granting of judgment against plaintiff without a trial.  See

24

Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18

25

F.3d 651, 653 (9th Cir. 1994).

26

        4.     Defendants shall file a reply brief no later than **fifteen (15) days** after

27

Plaintiff's opposition is filed.

28

        5.     The motion shall be deemed submitted as of the date the reply brief is due.

1  No hearing will be held on the motion unless the Court so orders at a later date.

2          6.       All communications by the Plaintiff with the Court must be served on

3  Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

4  copy of the document to Defendant or Defendant's counsel.

5          7.       Discovery may be taken in accordance with the Federal Rules of Civil

6  Procedure.  No further Court order is required before the parties may conduct discovery.

7          8.       It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

8  Court informed of any change of address and must comply with the Court's orders in a

9  timely fashion.  Failure to do so may result in the dismissal of this action for failure to

10 prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11         IT IS SO ORDERED.

12 DATED: _____7/28/11_____

      JEREMY FOGEL

13    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Service
P:\PRO-SE\SJ.JF\CR.11\01437Robertson_svc.wpd                5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

REGINALD ROBERTSON,

          Plaintiff,

  v.

N. BONSTEEL, et al.,

          Defendants.

_____/

Case Number: CV11-01437 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.

That on ___8/5/11_____, I SERVED a true and correct copy(ies) of the
attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s)
hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into
an inter-office delivery receptacle located in the Clerk's office.

Reginald Robertson APM873
5325 Broder Blvd.
Dublin, CA 94568

Dated: ___8/5/11_____

                            Richard W. Wieking, Clerk