IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD ROBERTSON,<br><br>    Plaintiff,<br><br>  v.<br><br>N. BONSTEEL, SHERIFF GREG AHERN,<br><br>    Defendants.<br>_____/ | No. C 11-01437 CW (PR)<br><br>ORDER GRANTING DEFENDANT N. BONSTEEL'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AND SCREEN FIRST AMENDED COMPLAINT; DISMISSING CLAIMS AGAINST DEFENDANT AHERN; SERVING FIRST AMENDED COMPLAINT<br><br>(Docket no. 30) |

INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the Santa Rita County Jail, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging interference with his right to send legal mail when he was incarcerated at the Glen Dyer Correctional Facility (GDDF) in Oakland. His motion for leave to proceed in forma pauperis has been granted.

On July 28, 2011, Judge Fogel, to whom this case originally was assigned, issued an Order finding Plaintiff's allegations stated a cognizable claim for the violation of his First Amendment rights. The complaint was ordered served on Defendant Deputy Sheriff N. Bonsteel. The claims against Defendant Alameda County Sheriff's Office were dismissed, because no allegations were made against that Defendant in the complaint. Bonsteel was ordered to file a motion for summary judgment or other dispositive motion within sixty days from the date of the Order, i.e., by September 28, 2011.

On September 9, 2011, Plaintiff filed a first amended complaint (FAC), adding an additional claim and an additional

Defendant. On September 26, 2011, the action was reassigned to the undersigned.

On October 13, 2011, Plaintiff moved for entry of default against Bonsteel for failing to respond to the original complaint. On October 17, 2011, the Clerk entered default against Bonsteel.

Now pending before the Court is Bonsteel's motion to set aside the entry of default and for the Court to screen Plaintiff's FAC.

## DISCUSSION

I. Entry of Default

Bonsteel moves to set aside the Clerk's entry of default on the following grounds: (1) Plaintiff based his request for default on Bonsteel's failure to respond to the original complaint as ordered by the Court; (2) Plaintiff's FAC was filed prior to the date Bonsteel's response to the original complaint was due; (3) the FAC supercedes the original complaint and does not incorporate the original complaint by reference; (4) under 28 U.S.C. § 1915A, the FAC must be reviewed by the Court before a response is required from Bonsteel; (5) Bonsteel has not been ordered served with the FAC.

Good cause appearing, and in the interest of reaching the merits of Plaintiff's claims, Bonsteel's motion is GRANTED. The Clerk of the Court will be directed to set aside the entry of default.

II. Review of the FAC

    A. Standard of Review

Bonsteel's motion for the Court to screen the FAC under 28

2

U.S.C. § 1915A is GRANTED.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Allegations

According to the allegations in the FAC, at all times relevant to the events at issue Plaintiff was incarcerated at GDDF. Bonsteel was employed at GDDF as an Alameda County Deputy Sheriff. Defendant Gregory Ahern was the Sheriff of Alameda County.

On January 25, 2011, during breakfast in the dining area, Plaintiff approached Bonsteel to hand her his out-going legal mail, which must be delivered to jail officials for mailing prior to the end of breakfast. Bonsteel, saying she "did not do legal mail," refused to accept Plaintiff's mail, which was addressed to

Plaintiff's criminal attorney at the Office of the Public Defender, and threatened to place Plaintiff in solitary confinement if he continued to request that she process his legal mail. FAC ¶¶ 9-10.

Plaintiff filed an administrative appeal concerning Bonsteel's actions. Although an investigation was conducted, no witnesses were interviewed except Bonsteel. Plaintiff's appeal was denied at all levels of review.

Plaintiff alleges:

> As a result of defendant, N. Bonsteel's acts, plaintiff was unable to communicate a desire and instruction--to counsel--to focus on attempting to reduce two of the charged counts being faced. Or, if possible, to have them removed during the preliminary examination, which was held on February 3, 2011.

FAC ¶ 16.

Based on such allegations, Plaintiff claims Bonsteel's actions violated his First Amendment right to freedom of speech and his Sixth Amendment right to the assistance of counsel.

He asks that Bonsteel be reprimanded and ordered to pay Plaintiff compensatory damages. He also seeks injunctive relief ordering Ahern to ensure that, at all facilities managed by the Alameda County Sheriff's Department, inmate-witnesses to unlawful acts are interviewed.

C. Plaintiff's Claims

1. First Amendment Claim

Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). While

4

prison regulations may limit the ways in which such mail must be processed, outgoing correspondence from prisoners does not, by its very nature, pose a serious threat to internal prison order and security, consequently, there must be a close fit between any regulation or practice affecting such correspondence and the purpose it purports to serve. See Thornburgh at 411-12.

Although Plaintiff here does not allege that Bonsteel read his legal mail before refusing to mail it or that such refusal adversely affected his legal proceedings, the Court liberally construes Plaintiff's claim as one that Bonsteel's actions constituted the unjustified censorship and delay of his outgoing mail, including the threat of punishment for its obvious legal content. Accordingly, Plaintiff's First Amendment claim against Bonsteel is cognizable. See Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) (per curiam) (a prisoner complaint that pleads facts alleging prison officials censored his outgoing mail and punished him for its contents states a cognizable First Amendment claim); Jackson v. Procunier, 789 F.2d 307, 311 (5th Cir. 1986) (the deliberate delay of legal mail which adversely affects legal proceedings presents a cognizable claim for denial of access to the courts).

2. Sixth Amendment Claim

Broadly speaking, a criminal defendant has a Sixth Amendment right to communicate with his attorney, although there are circumstances under which such communication can be curtailed. See Perry v. Leeke, 488 U.S. 272, 278-80 (1989); Geders v. United States, 425 U.S. 80 (1976). Here, Plaintiff claims that Bonsteel's actions deprived him of the ability to communicate with

5

his attorney, in violation of the Sixth Amendment. Although Plaintiff has not alleged a concrete injury resulting from Bonsteel's actions, the Court finds that the allegations, when liberally construed, state a cognizable claim for relief under the Sixth Amendment.

3. Defendant Ahern

Plaintiff alleges no facts linking Ahern to his First and Sixth Amendment claims. Rather, the only mention of Ahern in the FAC is when Plaintiff asks the Court to order that Ahern ensure that, at all facilities managed by the Alameda County Sheriff's Department, inmate-witnesses to unlawful acts are interviewed.

As an initial matter, Plaintiff has not alleged facts that state a claim for the denial of a constitutional right based on the alleged failure to interview witnesses, nor has Ahern been linked directly to such failure. Even if such facts were alleged, however, Plaintiff's request for injunctive relief from Ahern is not cognizable. First, because Plaintiff no longer is incarcerated at GDDF, any claim for injunctive relief pertaining to the conditions of confinement at that facility, including the alleged interview policy, are moot. See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Second, because Plaintiff has not alleged facts showing that he will be, or has been, subjected to such policy at the jail where he currently is incarcerated, his claim for injunctive relief is not ripe. Specifically, an issue is not ripe for adjudication if it depends on "contingent future events that may not occur as anticipated, or indeed not occur at all." 18 Unnamed "John Smith" Prisoners v. Meese, 871 F.2d 881, 883 (9th Cir. 1989) (internal citation omitted). Accordingly, all

claims against Ahern are DISMISSED from this action.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. N. Bonsteel's motion to set aside entry of default and to screen the FAC is GRANTED. The Notice of Clerk's default entered on October 17, 2011 (docket no. 29) is hereby VACATED.

2. All claims against Sheriff Greg Ahern are DISMISSED. Ahern is no longer a Defendant in this action.

3. The Clerk of the Court shall serve a copy of the <u>FAC (docket no. 22) and all attachments thereto</u> and a copy of this Order on N. Bonsteel 's attorney, as listed on the court docket.

Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than <u>sixty (60) days</u> from the date of this Order, Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant's counsel no later than <u>thirty (30) days</u> after the date on which Defendant's motion is filed. The Ninth Circuit has held that the following

7

notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated

8

by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c. Defendant <u>shall</u> file a reply brief no later than <u>fifteen (15) days</u> after the date Plaintiff's opposition is filed.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    5. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

    6. All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel.

    7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

    8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

    IT IS SO ORDERED.

DATED: 11/7/2011

                              CLAUDIA WILKEN
                              UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

REGINALD ROBERTSON,

        Plaintiff,

v.

N BONSTEEL et al,

        Defendant.

Case Number: CV11-01437 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Reginald Robertson APM873
5325 Broder Blvd.
Dublin, CA 94568

Dated: November 7, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk